Dear Mr. Holloway:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. You ask the following question:
 Are the powers to collect licensure fees granted by the New Orleans Home Rule Charter for private detectives and private detective agencies and imposed by Article XIV, Sections 30-1121, 1146, 1149, 1150 and 1151 of the Code of the City of New Orleans prohibited or inconsistent with the Louisiana Constitution in connection with LSA-R.S. 37:3500-3525.
Your question requires an analysis of pertinent provisions of (1) the Louisiana Constitution of 1974, (2) the Private Investigators Law, (3) the Code of the City of New Orleans, and (4) the New Orleans Home Rule Charter.
The City of New Orleans operates under a Home Rule Charter form of government. Acts 1912, No. 159. The seminal authority for such government is recognized and codified in La. Const. Art. VI, § 5 (1974). This provision provides that "[s]ubject to and not inconsistent with this constitution, any local governmental subdivision may draft, adopt, or amend a home rule charter in accordance with this Section."
One cannot legally engage in the business of private detective work in the City of New Orleans unless he has first obtained a permit to do so from the New Orleans Police Department. Art. XIV, § 30-1146 of the Code of the City of New Orleans. This ordinance requires an applicant for a private detective's permit to submit a written application to the Police Department. Art. XIV, § 30-1147. *Page 2 
A bond[1] (presumably a liability bond) in the amount of $10,000 must be posted as well. Art. XIV, § 30-1150.
Louisiana's Private Investigators Law, which is codified in La. R.S. 37:3500-3525, was created "to require the licensure of private investigators and businesses." La. R.S. 37:3501 (A). The statute creates the Louisiana State Board of Private Investigator Examiners ("LSBPIE") within the Department of Public Safety and Corrections. La. R.S.37:3504(A). A private investigator may not engage in business in Louisiana without complying with La. R.S. 37:2500 et seq. and the rules and regulations of the LSBPIE. Failure to comply with LSBPIE can result in severe penalties, including fines or imprisonment or both. La. R.S. 37:321 (A), 37:3521 (B).
The Louisiana Constitution of 1974 takes precedence over and is superior to all other laws, legislative acts, municipal ordinances, home rule charters, and the like. The imposition of an "occupational license tax" is specifically permitted under the Constitution in Art. VI, § 28, which provides as follows:
 The governing authority of a local governmental subdivision may impose an occupational license tax not greater than that imposed by the state. Those who pay a municipal occupational license tax shall be exempt from a parish occupational license tax in the amount of the municipal tax. The governing authority of a local governmental subdivision may impose an occupational license tax greater than that imposed by the state when authorized by law enacted by the favorable vote of two-thirds of the elected members of each house of the legislature.
The right of a municipality to impose an occupational license tax is specifically recognized in La. Const. Art. VI, § 28, under certain circumstances. For instance, a municipal occupational license tax may be imposed under the Louisiana Constitution of 1974 as long as it does not exceed that assessed by the State. La. Const. Art. VI, § 28. La. R.S.47:341 authorizes municipalities and parishes to impose occupational license requirements on certain businesses and professionals conducting business within the territorial jurisdiction of that municipality or parish. Similarly, the Charter of the City of New Orleans gives New Orleans the right to levy, impose and collect any and all kinds and classes of taxes or license fees that are necessary for the proper operation and maintenance of the municipality, provided that they are not expressly prohibited by the State Constitution. Accordingly, it is neither prohibited by nor inconsistent *Page 3 
with the Louisiana Constitution or La. R.S. 37:3500-3525 for a municipality to assess and collect a licensure tax on private investigators conducting business within the territorial jurisdiction of a city.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:___________
 Christopher D. Matchett
 Assistant Attorney General
 CCF, JR.:CDM:lrs
[1] A bond is not the same thing as a licensure fee. Rather, a bond is used "to reimburse the holder for any actual or claimed loss caused by the issuer's or some other person's conduct." Black's LawDictionary (8th ed., 2004).